Destin v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-179-CR

     LIONEL DESTIN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 263rd District Court
Harris County, Texas
Trial Court # 616,371
                                                                                                    

O P I N I O N
                                                                                                    

      Lionel Destin appeals his conviction for possession of a controlled substance. After the trial
court denied Destin's motion to suppress, he entered a plea of no contest to the offense and a plea
of true to a single enhancement paragraph. The trial court found Destin guilty of the offense and,
finding the allegations in the enhancement paragraph to be true, assessed punishment at seven
years in prison. In a single point of error, Destin appeals the court's denial of his motion to
suppress evidence. Because the evidence was properly obtained as a result of a search incident
to an arrest, we affirm the judgment.
      At the pretrial hearing on Destin's motion to suppress, Douglas Levy, an officer with the
Harris County Sheriff's Department, testified that he was on patrol with Deputy Ellis on
November 23, 1991. At approximately 10:30 p.m. they observed an automobile with a defective
license plate light. After turning east on Isabell Street to follow the vehicle, Levy activated the
emergency equipment to signal the driver to stop. Destin, the driver of the vehicle, proceeded east
on Isabell Street for almost one-quarter of a mile before pulling into a driveway at a private
residence.
      Two passengers were in the vehicle with Destin. According to Levy, after Destin put the
vehicle in park he moved his hand from the wheel and reached behind his back. Levy and Ellis
got out of the patrol car and approached Destin as he got out of his car. Destin began to walk
away from his car and the residence. The two passengers remained in the car. Levy testified that
he yelled for Destin to stop, but he kept walking. When Levy yelled a second time, Destin turned
around and came back to Levy. Levy asked for Destin's driver's license, but Destin said that he
did not have a driver's license. Levy then placed Destin under arrest for driving a motor vehicle
without a driver's license, placed him in handcuffs, and escorted him to the back seat of the patrol
car.
      Levy testified that he conducted an inventory search of the vehicle pursuant to departmental
policy. During the search, Levy pushed the driver's seat-back forward and found a Certs package
containing six rocks of cocaine. Levy also found $176 in cash in the glove compartment. After
Levy inventoried the vehicle, Blue Gonzales, who claimed to be Destin's relative, and another
individual came out of the house. Gonzales asked if there was any money in the car. Meanwhile,
Lila George and her son drove up in another vehicle. According to Levy, neither Destin,
Gonzales, nor George authorized Levy to leave Destin's car in the driveway, and it was eventually
towed from the scene.
      Winston Gonzales testified that Destin's automobile was often parked in his driveway and that
it was not unusual for him to drive it. According to Gonzales, he asked Levy "if it would be okay
if he left the car there." At a hearing on a motion to suppress, however, the trial court is the sole
and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be
given their testimony.


 Nevertheless, Destin argues that, because the State has not sufficiently
established a lack of reasonable alternatives to justify the impoundment of his car, the inventory
search was improper.



      Even if the court erroneously concluded that Levy's search was proper as an inventory search,
however, we find that the search was proper as a search incident to an arrest. It is well established
that if a decision is correct on any theory of law applicable to the case, it will not be disturbed on
appeal.



      In Osban v. State, the Texas Court of Criminal Appeals found that, under almost identical
circumstances, an officer was justified in searching the passenger compartment of the suspect's
car after he had been arrested for driving without a valid license and placed in the patrol car.


 
Although Osban was overruled by the court in Heitman v. State to the extent that it blindly
followed the Supreme Court's decisions interpreting the Fourth Amendment in addressing the issue
under article I, section 9, of the Texas Constitution,


 Destin's brief is inadequate to raise the
propriety of a search incident to an arrest under the Texas Constitution. 
      Attorneys, when briefing constitutional questions, should carefully separate federal and state
issues into separate grounds and provide substantive analysis or argument on each separate ground. 
If sufficient distinction between state and federal constitutional grounds is not provided by counsel,
the court may overrule the point as multifarious.


 Destin does not present any argument or
authority that the scope of a search incident to an arrest should be resolved differently under the
Texas Constitution. We thus decline to address this independent state ground.


 The Supreme
Court has held that a police officer who has made a lawful custodial arrest of the occupant of an
automobile may, as a contemporaneous incident of that arrest, search the passenger compartment
of that automobile, including the contents of any containers found there.


 As did the Court of
Criminal Appeals in Osban, we conclude that, under federal law, Officer Levy was justified in
searching the passenger compartment of Destin's car after he had been placed under arrest.


 We
overrule Destin's single point of error.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed December 30, 1992
Do not publish